# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **JOSHUA TAYLOR HUMPHREY,**  *Plaintiff*,  v.  **Warden TARMARSHE SMITH,** *et al.*,  *Defendants*. | **CIVIL ACTION NO. 5:21-cv-00436-TES-TQL** |

## ORDER

Pro se Plaintiff Joshua Taylor Humphrey, a prisoner confined in Macon State Prison in Oglethorpe, Georgia filed a 42 U.S.C. § 1983 civil rights Complaint [Doc. 1] and an Amended Complaint. [Doc. 11]. Plaintiff also filed an incomplete Motion for Leave to Proceed *In Forma Pauperis* [Doc. 2]. On December 13, 2021, the Court ordered Plaintiff to either pay the filing fee or submit a proper motion to proceed *in forma pauperis* that includes a certified copy of his inmate trust fund account. [Doc. 4]. Plaintiff responded by moving for an extension of time to submit his documents. [Doc. 5]. On January 4, 2022, Plaintiff's request for an extension of time was granted and he was given an additional fourteen days to submit his account statement. [Doc. 6].

On February 14, 2022, Plaintiff filed a second Motion to Proceed *In Forma Pauperis* [Doc. 10] that included a suspiciously incomplete account statement. More

specifically, Plaintiff's submission only included the second and third pages of his account statement which excluded the deposits into his account and current funds on hand. *See* [Doc. 10, pp. 4–5]. Therefore, on February 19, 2022, the Court ordered Plaintiff to show cause why this action should not be dismissed for his failure to provide the complete statutory documents in support of his request to proceed *in forma pauperis*. [Doc. 12]. In turn, Plaintiff responded that he did not intentionally mislead the Court and that he was requesting a complete certified account statement from prison officials. [Doc. 13]. The Court did not receive any further correspondence from Plaintiff.

Therefore, on April 6, 2022, Plaintiff was notified that the filing fee and incomplete motion to proceed *in forma pauperis* had still not been properly addressed. [Doc. 14]. The Court ordered Plaintiff to show cause why this action should not be dismissed for failure to comply with the Court's previous orders. [*Id.*]. The Court unambiguously informed Plaintiff that this was his last opportunity to address the filing fee and incomplete inmate trust fund account statement. [*Id.*]. Plaintiff was notified that this action would be dismissed if he once more failed to comply with this Court's orders. [*Id.*]. Plaintiff was given 14 days to respond. [*Id.*]. Plaintiff has not responded.

Because Plaintiff has repeatedly failed to comply with previous orders and to prosecute his case, the Court **DISMISSES** his Complaint **without prejudice**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per

curiam) (first citing Fed. R. Civ. P. 41(b) and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 12th day of May, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
